[Civ. No. 5544.  Second Appellate District, Division One.—January 8, 1929.]

FINANCIAL INSURANCE CORPORATION (a Corporation), Appellant, v. ROBERT C. BROCKTON et al., Respondents.

180

George W. Fenimore for Appellant.

D. M. Potter and A. J. Getz for Respondents.

HOUSER, J.—This appeal relates to the ownership of an automobile which, so far as is here involved, originally belonged to a distributing company known as Don C. Smith, Incorporated. On June 20, 1924, the Sunset Moon Company, which was a dealer in automobiles, without being the owner or in possession of the automobile in question, entered into a conditional sale contract of the automobile with Brockton, one of the defendants herein. On the same day the Sunset Moon Company assigned its interest in the conditional sale contract to Financial Insurance Corporation, a corporation, the plaintiff herein. On application made to the division of motor vehicles by the Financial Insurance Corporation,

accompanied by a report of sale of the automobile by the Sunset Moon Company, the division of motor vehicles issued its certificate of ownership of the automobile to Financial Insurance Corporation and Brockton. Four days later, to wit, on November 24th, the Sunset Moon Company orally agreed with the A. I. Lasker Corporation (one of the defendants herein) to the effect that the latter corporation purchase the automobile for cash from Don C. Smith, Incorporated (which latter corporation before that time had never parted with either the ownership or the possession of the automobile), and that thereupon the Sunset Moon Company would purchase it on a conditional sale contract from the A. I. Lasker Corporation—which agreement was carried out and the automobile was first delivered by Don C. Smith, Incorporated, into the possession of the Lasker Corporation, which latter corporation thereupon delivered it to the Sunset Moon Company, and which last-named company in turn delivered it to Brockton. On the same day an application for certificate of ownership of the automobile was made to the division of motor vehicles by the Lasker Corporation, accompanied by a report of sale of same by Don C. Smith, Incorporated—the result being that a certificate of ownership was also issued by the division of motor vehicles to the Lasker Corporation. Brockton having failed to make payment for the automobile as provided in the conditional sale contract entered into between him and the Sunset Moon Company, which contract had been assigned to the plaintiff, Financial Insurance Corporation, an action in claim and delivery was brought by the latter corporation against Brockton and various fictitious defendants for the recovery of the automobile; or, in the event that its delivery could not be had, for its value. The Lasker Corporation answered the complaint as one of the fictitious defendants named therein. On the trial it was stipulated that on the commencement of the action, under process issued by authority of the court, the Financial Insurance Corporation had taken possession of the automobile, sold it to someone not a party to the action, and that the value of the automobile was $1,200. Judgment was rendered in favor of defendant Lasker Corporation and against the plaintiff Financial Insurance Corporation for the sum of $1,200, and the appeal herein is from such judgment.

182

■ Appellant's contention that the judgment is erroneous because it makes no disposition of the case as between the plaintiff and Brockton is completely met by the facts that the action was for claim and delivery; that any relief to which the plaintiff might be entitled necessarily depended upon its ownership or right of possession of the automobile; and as the findings of the trial court were against the plaintiff in that regard, it was unnecessary for the court, in that kind of an action, to settle the respective rights as between the plaintiff and Brockton.

■ Appellant also suggests that the Lasker Corporation was not an original party to the action, and as it had not obtained leave to intervene therein, the trial court was without jurisdiction to render the judgment of which complaint is made. However, the record herein shows that by the complaint, "Richard Roe Company" was made a fictitious defendant; and the answer of the Lasker Corporation shows that it appeared in the action, answered the complaint, and demanded affirmative relief as the defendant sued under the said fictitious name. In addition thereto, until the appeal herein was taken, no objection of any sort was ever made by the plaintiff to the appearance made by the Lasker Corporation in the manner in which it did appear, and the case was tried on the theory that the decision of the controversy depended entirely upon a determination of whether the plaintiff or the Lasker Corporation was the legal owner of the automobile. In such circumstances, appellant's contention is without merit.

■ A further claim is presented by appellant to the effect that as the judgment was for the sum of $1,200, without the ordinary alternative of a delivery of the automobile to the Lasker Corporation, the judgment is void. On the trial of the action the parties stipulated that on the commencement of the action the automobile had been delivered by the sheriff of Los Angeles County to the plaintiff; that the plaintiff thereupon sold the automobile; that delivery thereof could not be had; and that in case judgment should be against the plaintiff, in lieu of delivery of the automobile the judgment should be in the sum of $1,200— the stipulated value of the automobile at the time it was taken by the sheriff. It is therefore clear that at this time

appellant is in no position to complain of the form of the judgment in that regard.

■ Appellant also urges the point that the evidence was insufficient to support the several findings made by the trial court to the effect that the Lasker Corporation, and not the plaintiff, was the owner and entitled to the possession of the automobile. It would serve no useful purpose to herein set forth the evidence upon which such findings were made. Suffice it to say that, in the opinion of this court, the findings to which attention has been directed are amply supported by the evidence adduced on the trial of the action. Such being the conclusion by the trial court, its further action in awarding a judgment to the Lasker Corporation for the stipulated value of the automobile was without error, notwithstanding the fact that owing to a partial payment having been made to it by the Sunset Moon Company the Lasker Corporation may not actually have been out of pocket that amount of money in the transaction.

■ Appellant's final contention that the Lasker Corporation was guilty of negligence in the purchase of the automobile is equally without merit. The evidence satisfactorily shows that at the time it purchased the automobile it had no knowledge or notice of any fact sufficient to put it on inquiry as to the position occupied by the plaintiff in the matter. On the other hand, as shown by the evidence, the negligence of plaintiff was clearly established.

The judgment is affirmed.

Conrey, P. J., and York, J., concurred.